IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| UNIVERSAL DELAWARE, INC., *et al.*, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COMDATA CORPORATION, *et al.,*<br><br>Defendants. | **PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL INFORMATION THAT MAY BE PRODUCED IN RESPONSE TO THIRD-PARTY SUBPOENAS IN THE *UNIVERSAL DELAWARE* CLASS ACTION PENDING IN THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**<br><br>D. Utah Case No.: 2:09cv0169 DB-DN<br><br>Judge Dee Benson<br>Magistrate Judge David Nuffer<br><br>Originating Court:  Eastern District of Pennsylvania, Case No. 07-1078 (JKG) |

Pursuant to Fed. R. Civ. P. 45(c), the Magistrate Judge's June 23, 2009 Ruling &
Order, and the submissions of the parties to the lawsuit captioned *Universal Delaware
Inc. v. Comdata Corp.*, No. 07-1078-JKG-HSP (E.D. Pa.) (the "*Universal Delaware*
Lawsuit"), and non-party Rule 45 subpoena recipient, Flying J Inc. and its affiliates
(collectively referred to here as "Flying J"), the Court hereby enters the following
protective order ("Protective Order").  The purpose of this Protective Order is to protect
and maintain the confidentiality of Confidential Information and Highly Confidential
Information that is produced by Flying J or its affiliates, or provided in deposition
testimony, in response to Rule 45 document subpoenas or Rule 45 deposition subpoenas
issued by the parties to the *Universal Delaware* Lawsuit (referred to in this Order as
"Flying J Designated Material").

1.     The Court hereby incorporates by reference and adopts as part of the terms of this Protective Order, certain provisions from the Amended Stipulated Protective Order (Dkt. 60, entered February 20, 2008–copy attached hereto as Exhibit B) (the "Pennsylvania Protective Order") entered by the U.S. District Court for the Eastern District of Pennsylvania in the *Universal Delaware* Lawsuit, with the modifications described below that supersede the terms of that order with respect to Flying J Designated Material:

**A.     Pennsylvania Protective Order Paras. 1 &2** ("Scope of Order" & "Applicability"):  No change except that this Protective Order applies to Flying J Designated Material.

**B.     Pennsylvania Protective Order Paras. 3 & 4** ("Designation of Confidential Material" and "Designation of Highly Confidential Material"):  Paragraphs 3 and 4 are supplemented to provide that:  Flying J and its affiliates may initially designate any or all confidential documents as Highly Confidential Material (Flying J Designated Material), regardless of the definitions in Paragraphs 3 and 4 in order to avoid the expense of having lawyers analyze whether individual documents qualify for the lower level of Confidential Material.

**C.     Pennsylvania Protective Order Para. 5** ("Exercise of Restraint and Care in Designating Material for Protection"):  Paragraph 5 of the Pennsylvania Protective Order is not applicable here in light of the parties' agreement in Section 1.B, above, of this Protective Order.

D. **Pennsylvania Protective Order Paras. 6, 7 & 8** ("Persons Who May Access Confidential Material," "Persons Who May Access Highly Confidential Material," and "Application of This Protective Order . . ."):  No change except

      i.      To recite that Flying J Designated Material whether designed Highly Confidential Information or Confidential Information will not under any circumstances be produced or disclosed to the *Universal Delaware* named Plaintiffs, the class members who those named Plaintiffs represent, or any employees of Comdata.

      ii.      Each person who receives or is allowed to see Flying J Designated Material (other than employees of Flying J who provide deposition testimony) must receive a copy of this Protective Order and sign a copy of the version of Exhibit A attached to this Protective Order.

      iii.      The references to "Court" in Paragraphs 6 & 7 of the Pennsylvania Protective Order, for purposes of identifying the decision maker about possible additional disclosure of Flying J Designated Material shall refer to *this* Court, the U.S. District Court for the District of Utah.  Any decision about possible additional disclosure of Flying J Designated Material beyond that permitted in this Protective Order shall be made by this Court, the U.S. District Court for the District of Utah.

      iv.      The outside counsel authorized to receive and review such Flying J Designated Material will be limited to the attorneys (along with their support staff) employed by the law firms designated as interim Co-Lead Counsel or as Executive Committee members by the United States District Court for the Eastern

District of Pennsylvania by order dated January 31, 2008 [Dkt. No. 50] who are involved in the *Universal Delaware* Lawsuit -- Eric. L. Cramer, Peter Kohn, Andrew C. Curley, Candice Enders and Ellen Noteware from BERGER & MONTAGUE, P.C.; Joseph R. Saveri, Christopher Coleman and Dean Harvey from LIEFF CABRASER HEIMANN & BERNSTEIN, LLP; Stephen Neuwirth and Dale Oliver from QUINN EMANUEL URQHART OLIVER & HEDGES, LLP; David Balto and Brad Wasser from the LAW OFFICES OF DAVID BALTO; Joshua P. Davis from the LAW OFFICES OF JOSHUA P. DAVIS; and Stuart McCluer from MCCULLEY MCCLUER PLLC..  Each of these individuals will sign a copy of the Declaration attached as Exhibit A to this Protective Order before receiving Flying J Designated Material.

      v.      Before disclosing Flying J Designated Material to outside experts or consultants under Paragraph 7(b) of the Pennsylvania Protective Order for the first time, the *Universal Delaware* Plaintiffs or Comdata must provide written notice to Flying J's outside counsel and allow Flying J an opportunity to object to disclosure of Flying J Designated Material to such outside experts or consultants.

      a.      That written notice shall include: (i) a signed copy of the Declaration attached as Exhibit A to this Protective Order; and (ii) a curriculum vitae or equivalent resume setting forth that expert's or consultant's present residence and business address(es), current employer, job title, and present or past relationship(s) with any Party.  The list shall disclose the name and address of each such entity for which consulting work is being, or has been performed, and the general subject matter of

4

that consulting work. If disclosure of either the identity of the entity for which the work is being performed or the subject matter of that work, or both, is deemed proprietary, then the fact that certain information is being withheld on the basis that it is proprietary shall be disclosed, and any such information that is not deemed proprietary shall be disclosed.

b.     Flying J shall be entitled to object to such disclosure to the expert or consultant within ten (10) calendar days after receipt of written notice by stating specifically in writing the reasons why such expert or consultant should not receive the Flying J Designated Material.  Flying J's consent permitting disclosure of its confidential information to a retained expert of the other party shall not be unreasonably withheld.

c.     The Party wishing to disclose Flying J Designated Material to an expert or consultant to whom a written objection has been made has the burden to apply to this Court for an order that such disclosure is proper.

d.     No disclosure of Flying J Designated Material shall be made to the proposed expert or consultant until the time for serving objections to that expert or consultant has passed, or, in the event that a written objection is timely served, until the time and in such manner as the Parties have resolved the objection by agreement, or until the Court has made a ruling thereon, and then, only in accordance with such ruling.

e.     This Court (the U.S. District Court for the District of Utah) will resolve any disputes concerning allowing particular experts to see Flying J Designated Material.

E.   **Pennsylvania Protective Order Para. 9** ("Filing Documents Containing Confidential or Highly Confidential Material"):  Paragraph 9 of the Pennsylvania Protective Order is modified to also provide that:

     i.     the phrase in Paragraph 9 stating:  "until such time as the Court orders otherwise, or denies permission to file under seal" is amended to read "until such time as the Court, after ten (10) calendar days notice to Flying J, orders otherwise or denies permission to file under seal";

     ii.     any time one of the *Universal Delaware* parties files any Flying J Designated Material, or highly confidential information derived from it, with the Pennsylvania court under seal, that party must also immediately notify Flying J's counsel of the filing and provide a complete copy of the filing to such counsel by both email and first-class mail.

F.   **Pennsylvania Protective Order Para. 10** ("Production of Documents and Other Material . . ."):  No change.

G.   **Pennsylvania Protective Order Para. 11** ("Use of Confidential or Highly Confidential Material at Depositions"):  Paragraph 11 is modified for this Protective Order to state as follows:

     11.     If counsel for any party wish to disclose Flying J Designated Material to any fact witness who is not a current or former employee of Flying J, or who did not create or receive the particular Flying J Designated Material, such counsel shall deliver by email and first-class mail a copy of such Flying J Designated Material to Flying J's counsel at least five (5) business days before the start of the deposition(unless more than fifty pages of printed documentation or an equivalent

amount of data is to be used in which case notice shall be given at least ten (10) business days before the start of the deposition), along with a letter explaining why counsel contends such disclosure of Flying J Designated Material is appropriate in connection with testimony by that deposition witness.  If Flying J's counsel objects to the proposed use at the deposition of the Flying J Designated Material, the document may not be shown to the witness, and its contents will not be disclosed to the witness, without leave of this Court (the U.S. District Court for the District of Utah).

H.      **Pennsylvania Protective Order Paras. 12 &13** ("Use of Confidential or Highly Confidential Material at Trial or Hearing" & "No Waiver of Privilege"):  No change except to add to Paragraph 12 a requirement that:

At least ten (10) business days before the start of the trial or hearing counsel for any party wishing to disclose Flying J Designated Material to any fact witness who is not a current or former employee of Flying J, or who did not create or receive the particular Flying J Designated Material, such counsel shall deliver by email and first-class mail a copy of such Flying J Designated Material to Flying J's counsel with a letter explaining why counsel contends such disclosure of Flying J Designated Material is appropriate and in what context the Flying J Designated Material will be used at the trial or hearing.  If Flying J's counsel objects to the proposed use of the Flying J Designated Material, the document may not be used at the trial or hearing without leave of this Court (the U.S. District Court for the District of Utah).

**I.** **Pennsylvania Protective Order Para. 14** ("Challenging Confidentiality Designations"): No change, except that all references in Paragraph 14 of the Pennsylvania Protective Order to the "Designating Party" shall be construed as referring to Flying J and all references to the "Court" shall be construed as meaning the U.S. District Court for the District of Utah.

**J.** **Pennsylvania Protective Order Para. 15** ("Modification of the Protective Order"):  No change, except that for purposes of this Protective Order (not the Pennsylvania Protective Order) any application for relief from this Protective Order or for modifications to this Protective Order shall be directed the U.S. District Court for the District of Utah.

**K.** **Pennsylvania Protective Order Para. 16 & 17** ("Copy of Protective Order . . ." and "Third Party Requests for Confidential of Highly Confidential Material"): Paragraph 16 of the Pennsylvania Protective Order is not applicable here.  Paragraph 17 of the Pennsylvania Protective Order is modified for this Protective Order to state as follows:

> 17. If the *Universal Delaware* Plaintiffs or Comdata are served with a subpoena or document request under Rule 34 seeking Flying J Designated Material in another action or proceeding, the party receiving the subpoena or document request shall give written notice as soon as practicable (but in no event more than three business days after receipt) to counsel for Flying J and shall, to the extent permitted by law, withhold production of the Flying J Designated Material until any dispute relating to the production of such Flying J Designated

Material is resolved.  The written notice called for in this paragraph shall be sent by both email and certified mail to Flying J's counsel of record in this case.

**L.**   **Pennsylvania Protective Order Para. 18** ("Court Retains Jurisdiction"):
No change, except that with respect to this Protective Order, the Court that retains jurisdiction is the U.S. District Court for the District of Utah.

**M.**   **Pennsylvania Protective Order Para. 19** ("Return or Destruction . . ."):
Not applicable.  Instead of Paragraph 19 of the Pennsylvania Protective Order, Flying J Designated Material will be returned to Flying J upon termination, settlement or final judgment of the *Universal Delaware* Lawsuit, or certified to be destroyed by the Receiving Party.  If any of the *Universal Delaware* Parties seeks to retain an archival copy of Flying J Designated Material (e.g., deposition transcripts, deposition exhibits), it will provide a list of such material to Flying J's counsel within 30 days of termination, settlement or final judgment.  Flying J's counsel then may, at Flying J's sole discretion, direct that such materials should be returned to Flying J or destroyed.

**N.**   **Pennsylvania Protective Order Paras. 20 & 21** ("Parties May Use Their Own Confidential and Highly Confidential Documents" & "Parties May Use Independently Obtained Documents Regardless of Designation"):  No change.

**O.**   **Pennsylvania Protective Order Para. 22 & 23** ("Procedures Concerning Third-Party Materials" and " Inadvertent Production of Third-Party Materials""):
Paragraphs 22 and 23 of the Pennsylvania Protective Order are not applicable here.

**P.**   **Pennsylvania Protective Order Para. 24** ("Violation of the Protective Order"):  No change, except that with respect to this Protective Order, the U.S. District Court for the District of Utah shall have discretion to enforce violations of its provisions.

**Q.**     **General changes and additional terms:**

i.      Any transaction data concerning Flying J or its affiliates including TCH, that identifies the name or other individually identifiable information about a customer, including any summaries of such data prepared by anyone may only be made available to the outside experts for Comdata and for the *Universal Delaware* Plaintiffs who have been authorized in accordance with the procedure in Section 1.D above, and those experts will keep such information under effectively restricted access which shall be described in writing, subscribed by counsel and the expert, to Flying J before such data is delivered to the expert.  Under no circumstances will counsel or experts for Comdata or the *Universal Delaware* Plaintiffs contact any customers of Flying J or its affiliates to discuss any such customer-identifiable information.

ii.     Outside counsel for the *Universal Delaware* Plaintiffs and Comdata will maintain Flying J Designated Material at a location and under circumstances reasonably designed to ensure compliance with this Order.  The *Universal Delaware* Plaintiffs and Comdata shall protect the confidentiality of Flying J Designated Material using procedures that are no less stringent than the measures used to protect their own Designated Material or similar confidential material.

iii.    Outside counsel for the *Universal Delaware* Plaintiffs and Comdata and their outside experts who have qualified to receive Flying J Designated Material will protect Electronically Stored Information from Flying J' Designated Material under the following procedures which are intended to be and shall be construed to be consistent with Paragraph IV.D of the Utah Amended Protective Order (Dkt. 331 at 13-16, in Case No. 1:06-cv-30 TC).

D.1     . . .  In the case of electronic documents that are produced in native file format ("Native File Documents"), designation shall be made by placing the legend "CONFIDENTIAL INFORMATION - Subject to Protective Order" or "HIGHLY CONFIDENTIAL INFORMATION -Subject to Protective Order" on the face of the CD or DVD or other medium on which the document is produced. In addition, for Excel files or other native file formats for which the insertion of a header or footer is practicable, the legend "CONFIDENTIAL INFORMATION - Subject to Protective Order" or "HIGHLY CONFIDENTIAL INFORMATION - Subject to Protective Order" may be added to the header or footer appearing on each page of the document. At the time Native File Documents are produced, the Producing Party will describe any changes that have been made to a file name or header or footer pursuant to this Paragraph 1V.D. 1. To the extent a Producing Party changes any Native File Document, an original, unaltered version of the document shall be maintained by the Producing Party. Regardless of whether the Producing Party makes any changes to a Native File Document, the Receiving Party shall maintain Designated Material in a manner consistent with preserving confidentiality as set forth in Paragraph IV.D.

D.2.    In addition to the restrictions on disclosure and use of Designated Material set forth in this Order, in the case of Designated Material contained in Native File Documents and marked in accordance with Paragraph 1V.D. 1, the Receiving Party shall also adhere to the following procedures:

a.      If the Receiving Party makes a copy of a Native File Document containing Designated Material on any form of portable media (e.g., CD, DVD, thumb drive, or flash drive), the media on which such copies are made shall be labeled in accordance with Paragraph 1V.D. 1 of this Order.

b.      If the Receiving Party makes a copy of a Native File Document containing Designated Material on a computer hard drive or network drive, the document shall be stored in a folder or subfolder labeled "CONFIDENTIAL INFORMATION - Subject to Protective Order" or "HIGHLY CONFIDENTIAL INFORMATION - Subject to Protective Order," as applicable.

c.      Access to copies of Native File Documents containing Designated Material shall be limited to individuals allowed to view such documents under Paragraphs VI and VII of this Order (through the use of network limitations, passwords, encryption, or similar devices). The Receiving Party shall only make such copies of Native File Documents containing Designated Material as are necessary for the prosecution or defense of this case.

d.      If a Receiving Party uploads or uses any Designated Material taken from a Native File Document in a litigation review

software program (e.g., Summation, Concordance, Introspect), statistical analysis software program (e.g., SAS), or other software program designed to aid in the review, manipulation, compilation, or calculation of data or information, such files shall be maintained in a separate folder or sub-folder labeled "CONFIDENTIAL INFORMATION - Subject to Protective Order" or "HIGHLY CONFIDENTIAL INFORMATION - Subject to Protective Order." Access to such folders shall be limited to individuals allowed to view such documents under Paragraphs VI and VII of this Order (through the use of network limitations, passwords, or similar devices).

e.    Any database, compilation, or calculation containing or making use of Designated Material taken from a Native File Document shall be treated as Designated Material under this Order, and any requirement of this Order applicable to Designated Material shall apply to such database, compilation, or calculation.

f.    Native File Documents containing Designated Material, or any database, compilation, or calculation containing or making use of Designated Material, shall not be transmitted by file transfer procedure (FTP), unless such files are secured by encryption or password protection.

g.    Native File Documents containing Designated Material, or any database, compilation, or calculation containing or making use of Designated Material, shall not be transmitted by email unless the subject line or body of such email contains the legend "This Email and/or Attachments to This Email Contain CONFIDENTIAL INFORMATION Subject to Protective Order" or "This Email and/or Attachments to This Email Contain HIGHLY CONFIDENTIAL INFORMATION Subject to Protective Order."

iii.    If Flying J Designated Material, or any portion thereof, is disclosed by the *Universal Delaware* Plaintiffs or Comdata, through inadvertence or otherwise, to any person or party not authorized to receive Flying J Designated Material under this Protective Order, then the party that disclosed such material shall use its best efforts to retrieve immediately all copies of such Flying J Designated Material, to bind such person to the terms of this Order, and shall within five (5) days of the date such disclosure is discovered, sent written notice by email and mail to Flying J's counsel, which shall describe to Flying J the circumstances that led to the disclosure and identify any person

who had access to Flying J Designated Material which was not authorized by this Protective Order.  In such event, the party that disclosed the material shall also promptly, in writing, (a) inform such person of all the provisions of this Order and (b) request such person to execute the Acknowledgment of Protective Order in the form shown in Exhibit A.  A copy of communications between the disclosing party and such person shall be provided promptly to Flying J.

      iv.    Any future amendments by the Pennsylvania Court overseeing the *Universal Delaware* Lawsuit to the Pennsylvania Protective Order do not apply to this Protective Order unless this Protective Order is specifically modified to encompass them.

      v.    The current parties to the *Universal Delaware* Lawsuit:  the *Universal Delaware* Plaintiffs and Comdata, and each of them and their counsel, hereby consent to the personal jurisdiction of the U.S. District Court for the District of Utah for purposes of enforcement of this Protective Order.  If other parties are joined as plaintiffs or defendants in the *Universal Delaware* Litigation, they and their counsel will be deemed to have consented to the personal jurisdiction of the U.S. District Court for the District of Utah as well, at the time that they agree to receive copies of Flying J Designated Material covered by this Protective Order.

The Court hereby enters this Protective Order as an Order of the Court.

Dated:  October 12th, 2009.

David Nuffer
United States Magistrate Judge

**EXHIBIT A**

**DECLARATION CONCERNING RECEIPT OF FLYING J PROTECTED
MATERIAL SUBJECT TO PROTECTIVE ORDER**


State of _____

County of _____


       1.     I, _____,
certify that I have received and read the Protective Order dated October  __, 2009,
entered by the United States District Court for the District of Utah in the matter of
*Universal Delaware, Inc. v. Comdata Corporation.*

       2.     I further certify that I fully understand the procedural and substantive
requirements of the Protective Order.

       3.     Before reviewing or receiving access to any Flying J Designated Material,
and as a condition for such review and/or access, I understand and agree that I am
personally bound by and subject to all of the terms and provisions of the Protective
Order.

       4.     I subject myself to the jurisdiction and venue of the United States District
Court for the District of Utah for purposes of enforcement of the Protective Order.

       I declare under penalty of perjury that the foregoing is true and correct.


Dated:  this _____ day of _____, 2009.


                                        _____
                                        Name

Exhibit B to Protective Order
Universal Delaware v. Comdata
2:09-cv-00169-DB-DN

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNIVERSAL DELAWARE, INC., et al., on behalf of themselves and all others similarly situated, | | |
| Plaintiffs, | | Civil Action No. 07-1078-JKG |
| v. | | Consolidated Case |
| CERIDIAN CORPORATION and COMDATA CORPORATION, | | |
| Defendants. | | |

### AMENDED STIPULATED PROTECTIVE ORDER

The parties to the above-captioned litigation ("the Litigation") include customers and/or competitors, and information sought in discovery may include information about pricing, budgets, forecasts, strategic plans, cost of production, inventory and other confidential past, current, and prospective commercial information. Thus, good cause appearing, it is hereby ORDERED as follows:

1.      **Scope of Order.** This Amended Stipulated Protective Order ("the Protective Order") governs the use and handling of documents, electronic information in any form (including embedded data and metadata), testimony, interrogatory responses and other information, including all copies, excerpts and summaries thereof (collectively, the "Material") produced or given by any defendant, plaintiff, or other individual or entity in pre-trial proceedings in this Litigation. Material produced in this Litigation shall be used only for the purpose of this Litigation, and not for any other business, competitive, personal, private, public, or other purpose whatsoever.

2.    **Applicability.** This Order shall apply to (1) all parties currently named or later joined in this action, including, in the case of parties other than individuals, all divisions, subsidiaries, agents, employees, shareholders, owners, officers, directors, joint venturers, representatives, insurance carriers, attorneys, and all other persons acting on behalf of a party, and (2) any other person or entity who produces discovery materials in this action.

3.    **Designation of Confidential Material.** The Producing Party may designate as "Confidential" any Material that it produces in this Litigation which contains trade secrets or other confidential non-public research and analysis, development, commercial information, or internal communications regarding the Confidential Material; non-public personal information; or other information for which a good faith claim of need of protection from disclosure can be made under the Federal Rules of Civil Procedure and/or other applicable law ("Confidential Material"). The designations will be made by an attorney.

4.    **Designation of Highly Confidential Material.** The Producing Party may designate as "Highly Confidential" any Confidential Material that contains current or prospective: trade secrets, highly sensitive and non-public research and analysis, development, strategic planning, commercial planning, price planning information, communications regarding any of the Highly Confidential Material, or any other highly sensitive information of current or prospective significance ("Highly Confidential Material"). The designations will be made by an attorney.

5.    **Exercise of Restraint and Care in Designating Material for Protection.** Each Party or non-party that designates Discovery Material for protection under this Order must take care to limit any such designation to material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection material, documents, items, or oral

2

or written communications that qualify so that other material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to a Party's attention that information or items that it designated for protection do not qualify for protection, or do not qualify for the level of protection initially asserted, that Party must promptly notify all other parties that it is withdrawing the original designation.

     6.    **Persons Who May Access Confidential Material.** Except as provided in Paragraph 11, absent written consent from the Producing Party or unless otherwise directed by the Court, Confidential Material may be disclosed only to the following persons:

          (a)    Outside counsel of record for the Parties;

          (b)    In-house counsel for the Parties who are actively involved in assisting with the prosecution or defense of this Litigation;

          (c)    Outside experts or consultants who are not regular employees of a Party but are retained on behalf of any of the Parties to assist in the preparation of this case;

          (d)    Outside photocopying, graphic production services or litigation support services employed by the Parties or their counsel to assist in this Litigation, and computer service personnel performing duties in relation to a computerized litigation system;

          (e)    The Court, court reporters, videographers, stenographers, and court personnel; and

          (f)    The direct staff of, and any contract support personnel employed or retained by, any of the foregoing persons, provided that such persons are

3

actively involved in assisting with the prosecution or defense of this

Litigation.

7.      **Persons Who May Access Highly Confidential Material.** Except as provided

in Paragraph 11, absent written consent from the Producing Party or unless otherwise directed by

the Court, Highly Confidential Material may be disclosed only to the following persons:

      (a)      Outside counsel of record for the Parties;

      (b)      Outside experts or consultants who are not regular employees of a Party

           but are retained on behalf of any of the Parties to assist in the preparation

           of this case;

      (c)      Outside photocopying, graphic production services or litigation support

           services employed by the Parties or their counsel to assist in this

           Litigation, and computer service personnel performing duties in relation to

           a computerized litigation system;

      (d)      The Court, court reporters, videographers, stenographers, and court

           personnel; and

      (e)      The direct staff of, and any contract support personnel employed or

           retained by, any of the foregoing persons, provided that such persons are

           actively involved in assisting with the prosecution or defense of this

           Litigation.

8.      **Application of this Protective Order to Persons With Access to Confidential**

**or Highly Confidential Material.** Each person given access to Confidential Material or Highly

Confidential Material shall be advised that the Confidential Material or Highly Confidential

4

Material is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed or used other than as set forth in this Protective Order.

> (a) Before any person described above in Paragraphs 6(c) or 7(b) is given access to Confidential Material or Highly Confidential Material, that person must read and agree in writing, by signing an acknowledgment in the form attached hereto as Exhibit A, to be bound by the provisions of this Protective Order.

> (b) Before any other person described in Paragraphs 6 or 7 is shown any Confidential Material or Highly Confidential Material, that person must be shown a copy of this Protective Order and instructed that he or she is bound by its provisions.

9. **Filing Documents Containing Confidential or Highly Confidential Material.**
In the event a party wishes to use any Confidential Material or Highly Confidential Material, or any papers containing or making reference to the contents of such material or information, in any pleading or document filed with the Court in this Litigation, such pleading or document and Confidential Material or Highly Confidential Material shall be filed under seal, until such time as the Court orders otherwise, or denies permission to file under seal. The sealed material, information or papers shall plainly state on the first page of any bound or stapled document "CONFIDENTIAL – FILED UNDER SEAL" and shall be filed only in sealed envelopes on which shall be endorsed the caption of this action, and a statement substantially in the following form:

5

### CONFIDENTIAL

This envelope contains documents that are subject to a Protective Order entered by the Court in this action. This envelope shall neither be opened nor the contents revealed except by Order of the Court.

10.    **Production of Documents and Other Material Containing Confidential or Highly Confidential Material.** The designation of Confidential Material or Highly Confidential Material for the purposes of this Protective Order shall be made in the following manner:

        (a)    In the case of documents and written discovery responses, by affixing the legend "Confidential" to each page containing any Confidential Material and "Highly Confidential" to each page containing any Highly Confidential Material.

        (b)    In the case of electronically stored information in any form (including embedded data and metadata) (collectively, "Electronic Data"), by designating the Electronic Data as Confidential or Highly Confidential in a cover letter accompanying the production of the Electronic Data. Where feasible, counsel for the Producing Party will also mark the disk, tape or other electronic media on which the Electronic Data is produced with the appropriate designation. If a Party reduces Confidential or Highly Confidential Electronic Data to hardcopy form, it shall mark the hardcopy with the appropriate designation. Whenever any Confidential or Highly Confidential Electronic Data is copied, all copies shall be marked with the appropriate designation.

        (c)    In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure, or (ii) by written

6

notice sent to all counsel of record for the Parties within ten business days
after receipt of the transcript of the deposition. All transcripts shall be
considered Highly Confidential and subject to this Protective Order until
expiration of that ten-day period. All videotapes of depositions shall be
clearly labeled Confidential or Highly Confidential, as appropriate
pursuant to this Protective Order.

(d)     To the extent that a person described in Paragraph 6 or 7 creates, develops,
establishes, or otherwise maintains, on any computer, network, disk, tape,
or other digital or analog machine-readable device, any information, files,
databases or programs that contain Confidential Material or Highly
Confidential Material, such person shall take all necessary steps to insure
that access to any Confidential Material or Highly Confidential Material is
restricted to those persons who, by the terms of this Protective Order, are
allowed access to the Material.

(e)     The inadvertent failure to stamp a document as Confidential or Highly
Confidential shall not be deemed a waiver of a claim of confidentiality. In
that event, the Designating Party shall produce new copies of the material
at issue, with the proper designation, within ten business days of the
Designating Party's discovery of the inadvertent failure to stamp the
document as "Confidential" or "Highly Confidential."

11.     **Use of Confidential or Highly Confidential Material at Depositions.** Counsel
for any Party wishing to use Confidential Material or Highly Confidential Material to examine
fact witnesses who are not currently employed by the Producing Party, who were not employed

7

by the Producing Party at the time the Material was created, or who did not create or receive the Material, shall deliver a copy of such Material to counsel for the Producing Party at least one business day and at least twenty-four hours prior to the start of the deposition. If the Producing Party objects to the use of the Confidential Material or Highly Confidential Material at the deposition, the document may not be introduced, and its contents not disclosed, without leave of Court. The Objector shall bring such objection to the Court prior to the scheduled deposition in an attempt to avoid delay.

12.     **Use of Confidential or Highly Confidential Material at Trial or Hearing.** This Protective Order shall not apply to the use of "Confidential" or "Highly Confidential" material in public hearings or at trial. Any disputes as to the proper treatment of "Confidential" or "Highly Confidential" material in public hearings or at trial will be resolved separately from this Order.

13.     **No Waiver of Privilege.** If information subject to a claim of attorney-client privilege, work product protection, or any other privilege or immunity is inadvertently produced to the Receiving Party, such production shall not be presumed to constitute a waiver of, or estoppel as to, any claim of privilege, work product protection or other ground for withholding production to which any Producing Party would otherwise be entitled. In these circumstances, the Producing Party must notify all parties in writing of the inadvertent production by identifying the Inadvertently Produced Privileged Document and stating the basis for the privilege or other protection from production, within ten business days of the discovery of the inadvertent production. Within five days of receiving such notification, and in compliance with the Receiving Parties' ethical obligations under the law, all Receiving Parties shall either (a) destroy or return to the requesting party or non-party the Inadvertently Produced Privileged Document

8

and expunge from any other document or material any information solely derived from the Inadvertently Produced Privileged Document; or (b) notify the Producing Party that it intends to move for an order allowing the use of an Inadvertently Produced Privileged Document in the litigation. If the Receiving Party notifies the Producing Party that it intends to move for an order allowing use of an Inadvertently Produced Privileged Document in the litigation, it must file its motion within 14 days of providing such notice. The motion shall be filed under seal as described in Paragraph 9 of this Order. The Receiving Party may retain one copy of the Inadvertently Produced Privileged Document solely for use in connection with that motion. The document may not be used for any other purpose. In connection with such a motion, the Receiving Party may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production to the Receiving Party. Within two (2) business days of the issuance of a court order deeming the contested documents at issue privileged, however, the Receiving Party must return or confirm destruction of all such materials, including copies and/or summaries thereof.

14. **Challenging Confidentiality Designations.** A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must advise the Designating Party in writing that the Party objects to the designation. The parties shall have fourteen (14) days to resolve the dispute. During the fourteen-day period, the Designating Party must explain with particularized facts the basis for its belief that the confidentiality designation is proper. If, following the meet and confer process, there is no resolution of the challenge, the Designating Party shall have fourteen (14) calendar days to apply to the Court for a protective order designating the challenged material as confidential. The challenging party may file a responsive brief within seven (7) calendar days; there will be no

reply. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation. In the event the Court rules that the challenged material is not confidential, the Designating Party shall reproduce copies of all materials so de-designated without the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" labeling, at the expense of the Designating Party, within fourteen days. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

15.     **Modification of the Protective Order.** This Protective Order shall not prevent a Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional Protective Orders, or from agreeing to modifications of this Protective Order.

16.     **Copy of Protective Order Must Be Served With Any Subpoena.** When serving any subpoena in this Litigation on a non-party to the Litigation, a copy of this Protective Order shall be included with the subpoena.

17.     **Third Party Requests for Confidential or Highly Confidential Material.** If any person receiving Material covered by this Protective Order is subpoenaed in another action or proceeding, served with a document demand, or otherwise requested to provide Material covered by this Protective Order, and such subpoena, document demand, or request seeks Material which was produced or designated as Confidential Material or Highly Confidential Material by any Producing Party, the person receiving the subpoena, document demand, or request shall give written notice as soon as practicable (but in no event more than three business days after receipt) to counsel for the Producing Party and shall, to the extent permitted by law,

10

withhold production of the Material until any dispute relating to the production of such Material is resolved.

18.     **Court Retains Jurisdiction.** This Protective Order shall survive the termination of the Litigation. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Protective Order following the final resolution of this Litigation.

19.     **Return or Destruction of Confidential and Highly Confidential Material.** Within sixty days of the termination of the Litigation, including all appeals, all Confidential Material or Highly Confidential Material supplied by any Producing Party, and any copies thereof, shall be returned to the Producing Party or shall be destroyed and their destruction certified. Counsel for the Producing Party shall retain for a period not less than five (5) years an archival copy of those pleadings and transcripts that contain Confidential or Highly Confidential Material of the Producing Party. Counsel for the Producing Party shall make such material available to counsel for the Receiving Party upon request in the event counsel for the Receiving Party reasonably believes he needs the material to defend against claims arising from his conduct of this litigation. Any such archival copies that contain or constitute Confidential or Highly Confidential Material shall remain subject to the confidentiality obligations imposed by this Protective Order.

20.     **Parties May Use Their Own Confidential and Highly Confidential Documents.** Nothing in this Order shall affect a party's use or disclosure of its own documents in any way.

21.     **Parties May Use Independently Obtained Documents Regardless of Designation.** Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, material or information obtained by such party or witness independently

11

of the discovery proceedings in this action, whether or not such documents, material or information are also obtained through discovery proceedings in this action.

22.   **Procedures Concerning Third-Party Materials.**  To the extent that a party to this Litigation is required to produce materials that were initially produced in other litigation, or which otherwise contain information supplied by a non-party to this Litigation, or which are covered by a non-disclosure agreement pursuant to which consent to production must be obtained ("Third-Party Materials"), and notice must be given prior to production in this Litigation of such Third-Party Materials, the Producing Party must, within 20 days of agreeing to produce the Third-Party Materials or of being ordered to produce it (whichever is earlier), initiate the steps necessary to comply with any pre-production notice requirements imposed by any protective order in other litigation ("Third-Party Notice Requirements").  Upon satisfaction of its Third-Party Notice Requirements and resolution of any objections to the production of the Third-Party Materials in this Litigation, the Producing Party shall promptly re-produce such Third-Party Materials.

23.   **Inadvertent Production of Third-Party Materials.**  In the event a Producing Party inadvertently produces Third-Party Materials without first complying with any Third-Party Notice Requirements ("Inadvertently Produced Third-Party Materials"), the Producing Party may request the return of the Inadvertently Produced Third-Party Materials.  Within five days of receiving such notification, and in compliance with the Receiving Parties' ethical obligations under the law, all Receiving Parties shall either (a) destroy or return to the Producing Party the Inadvertently Produced Third-Party Materials and expunge from any other document or material any information solely derived from Inadvertently Produced Third-Party Materials; or (b) notify the Producing Party that it intends to move for an order allowing the use of Inadvertently

12

Produced Third-Party Materials in the litigation. If the Receiving Party notifies the Producing Party that it intends to move for an order allowing use of any Inadvertently Produced Third-Party Materials in the litigation, it must file its motion within 14 days of providing such notice. The motion shall be filed under seal as described in Paragraph 9 of this Order. The Receiving Party may retain one copy of the Inadvertently Produced Third-Party Materials solely for use in connection with that motion. Should such motion be denied and affirmed in an appeal, if any, within five days of receiving the decision on the motion, the Receiving Parties shall either destroy or return to the Producing Party the Inadvertently Produced Third-Party Materials and expunge from any other document or material any information solely derived from the Inadvertently Produced Third-Party Materials. Promptly after discovering its production of Inadvertently Produced Third-Party Materials, the Producing Party shall comply with any applicable Third-Party Notice Requirements.

24.     **Violation of the Protective Order.** The Court shall have discretion to impose sanctions, including reasonable monetary fines, for violations of the provisions of this Order governing the protection of material that is designated Highly Confidential.

/s/ J. Gordon Cooney, Jr.
J. Gordon Cooney, Jr., Esq.
Mark P. Edwards, Esq.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA  19103
Tel: (215) 963-4806
Fax: (215) 963-5001

*Counsel for Comdata Corporation*

/s/ Joseph R. Saveri
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
Joseph R. Saveri
275 Battery Street, Suite 3000
San Francisco, CA  94111-3339
Tel: (415) 956-1000
Fax: (415) 956-1008

**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
Christopher E. Coleman
One Nashville Place
150 Fourth Ave. N., Ste. 1650
Nashville, TN  37219-2423

13

Tel: (615) 313-9000
Fax: (615) 313-9965

Eric L. Cramer, Esq.
David F. Sorensen, Esq.
John D. Radice, Esq.
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604

Stephen R. Neuwirth, Esq.
**QUINN, EMANUEL, URQUHART,**
**OLIVER & HEDGES LLP**
51 Madison Avenue – 22nd Floor
New York, NY 10010

*Co- Lead Counsel for Plaintiffs*

Dated: February 20, 2008

IT IS SO ORDERED.

Honorable Henry S. Perkin

14

## EXHIBIT A

## DECLARATION

STATE OF _____

COUNTY OF _____

    1.   I, _____,
certify that I have received and read the Protective Order dated _____, 2008, entered by
the United States District Court for the Eastern District of Pennsylvania in the matter of
*Universal Delaware, Inc., et al. v. Comdata Corporation,* a copy of which is attached
hereto (the "Protective Order").

    2.   I further certify that I fully understand the procedural and substantive
requirements of the Protective Order.

    3.   Before reviewing or receiving access to any document, material,
information and/or discovery subject to the protection of the Protective Order and as a
condition for such review and/or access, I understand and agree that I am personally
bound by and subject to all of the terms and provisions of the Protective Order.

    4.   I subject myself to the jurisdiction and venue of said Court for purposes of
enforcement of the Protective Order.

    I declare under penalty of perjury that the foregoing is true and correct.

Dated this _____day of _____, 2008.

                        _____
                        Name